# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 06-CR-20067 |
| ) | |
| **FRANCISCO ANTONIO VILLALOBOS,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on Defendant's pro se Motion for Equitable Tolling of Title 28 USC § 2255 Proceeding (#42). In his Motion (#42), Defendant, Francisco Antonio Villalobos, is seeking an order from this court equitably tolling the time to file a Motion under 28 U.S.C. § 2255. Defendant asked this court to order that the time for filing his § 2255 Motion will not start until he receives a copy of his file from the Government. Because this court concludes that it does not have the authority to grant this relief, Defendant's Motion (#42) is DENIED.

## ANALYSIS

This court concludes that Defendant is essentially requesting an extension of time in which to file his Motion under 28 U.S.C. § 2255, based upon the Government's delay in agreeing to provide him with a copy of his file.[1] This court concludes that it has no authority to extend the time permitted for filing a § 2255 motion.[2]

---

[1] Defendant stated that, on May 12, 2008, the Government offered to provide him with the file.

[2] This court notes that it entered Orders (#36, #38) in this case denying Defendant's request that his former counsel provide him with his entire criminal file, including discovery provided to his former counsel by the Government, and denying Defendant's Motion for Reconsideration. This court agreed with the Government that discovery materials should not be available to prisoners for unfettered and uncontrolled use in the prison system and also concluded

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year period of limitations applies to motions filed under § 2255. 28 U.S.C. § 2255(f). The United States Supreme Court has recently stated that "Congress enacted AEDPA to advance the finality of criminal convictions." Mayle v. Felix, 545 U.S. 644, 662 (2005). "To that end, it adopted a tight time line, a one-year limitation period ordinarily running from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" Mayle, 545 U.S. at 662, quoting 28 U.S.C. § 2244(d)(1)(A). The Supreme Court therefore held that a timely filed habeas petition cannot be amended to add new, unrelated claims after the AEDPA's one-year limitation period has run. Mayle, 545 U.S. at 662-64; see also Jackson v. United States, 2007 WL 1062923, at * 2-3 (C.D. Ill 2007) (applying Mayle to a request to amend a Motion under § 2255).

Other courts have determined, based upon similar reasoning, that a district court does not have the authority to extend the deadline for filing a Motion under § 2255 except for those instances which Congress expressly authorized. See Paschal v. United States, 2003 WL 21000361, at * 2 (N.D. Ill 2003) (citing cases). The court in Green v. United States, 260 F.3d 78 (2nd Cir. 2001) stated that "a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." Green, 260 F.3d at 82-83.

In this case, Defendant has not yet filed a Motion under § 2255, nor does his motion contain allegations which would support a claim for relief under § 2255. See Green, 260 F.3d at 83-84. In

---

that Defendant had not shown he was entitled to the information sought. In this court's second Order (#38), this court advised Defendant that, once he had filed his § 2255 Motion, he could petition the court for discovery under Rule 6 of the Rules Governing Section 2255 Proceedings.

addition, Defendant has not shown there are any "rare and exceptional" circumstances which would warrant equitably tolling the limitations period.  See Paschal, 2003 WL 21000361, at *3.  Defendant states that, after he has received the file from the Government, he "will litigate the way in which the plea and sentencing occurred and ineffectiveness of counsel . . . in those and appellate proceedings."  Defendant has not explained why he needed the file in order to file a Motion under § 2255 and set out any claims he has regarding the plea and sentencing proceedings and the alleged ineffectiveness of his counsel.  In short, he has not shown there was anything preventing him from filing a timely Motion under § 2255.

IT IS THEREFORE ORDERED THAT Defendant's Motion for Equitable Tolling of Title 28 USC § 2255 Proceeding (#42) is DENIED.

ENTERED this 20th day of August, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE